UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIMOTHY L. FREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CV-186 |
| ) | (PHILLIPS/GUYTON) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 14]. The Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $3,950.00, costs of $350.00, and expenses of $16.14 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1), and an award of $1,000 under 42 U.S.C. § 406(b).

### A.  Petition for Award of Fees

On July 20, 2010, United States Magistrate Judge H. Bruce Guyton, entered an order granting the parties' Agreed Order to Remand pursuant to sentence six of 42 U.S.C. § 405(g). [Doc. 7]. On October 13, 2010, District Judge Thomas W. Phillips signed the Agreed Order to Dismiss submitted by the parties because the Commissioner awarded benefits on remand. [Doc. 10].

The instant motion for attorney's fees followed. While the Commissioner has stated it has no objection to the request for attorney's fees and costs, he does not indicate a position regarding the Plaintiff's request of $16.14 in expenses. [Doc. 19].

Four conditions must be met before an attorney is entitled to EAJA attorney fees:

1. Plaintiff must be a prevailing party;

2. The Commissioner's position must be without substantial justification;

3. No special circumstances warranting denial of fees may exist;

4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

In this case, the Plaintiff obtained a "sentence six" remand. The Plaintiff's sentence six remand does not automatically make him a "prevailing party" under the EAJA. Marshall v. Comm'r of Soc. Sec., 444 F.3d 837, 840-42 (6th Cir. 2006). A sentence six remand only preserves a plaintiff's right to file a fee petition if successful on remand. Id. at 841-42. "Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status, the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon the same litigant." Id. at 842 (internal citations omitted). In this case, the Plaintiff obtained a favorable judgment in the subsequent administrative proceeding. Accordingly, this Court finds that the Plaintiff has obtained "prevailing party" status under the EAJA.

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v.

Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose the Plaintiff's request for EAJA attorney fees, and the Commissioner has thereby conceded that his position in this matter was not substantially justified. [Doc. 19]. Thus, the second condition for granting fees under the EAJA has been met.

Further, the Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust. Thus, the third condition for granting fees under the EAJA has been met.

On October 15, 2010, the Plaintiff moved for an award of a total fee amount of $3,950.00, costs of $350.00, and expenses of $16.14.[1] [Doc. 14]. This motion included a proper petition for fees [Doc. 23], and it was filed within 30 days of the final judgment in this matter. Thus, the fourth condition for granting fees under EAJA has been met.

Finally, the Commissioner has stated that he does not oppose the payment to the Plaintiff of attorney fees in the requested amount of $3,950.00 and costs in the requested amount of $350.00. [Doc. 19]. The Commissioner does not indicate his position regarding the Plaintiff's claim of expenses in the amount of $16.14. Because this is a nominal amount to which the Defendant does not object, the Court awards the Plaintiff's expenses in the amount of $16.14.

This Court has determined that the Plaintiff's application for fees is timely, that the Plaintiff is a prevailing party, that the government's position was not substantially justified, and that no special circumstances make an award of attorney fees unjust. Accordingly, the Court finds that the Plaintiff is entitled to an award of fees and expenses under the EAJA.

---

[1] The total fee amount represents Plaintiff's claim for 31.60 attorney hours at a rate of $125.00 per hour. [Doc. 15].

### C. Petition for Approval of 406(b) Attorney Fees

On October 15, 2010, the Plaintiff filed a motion for an award of attorney's fees in the amount of $1,000 pursuant to 42 U.S.C. § 406(b). [Doc. 11]. The Plaintiff's attorney asserts that he was previously awarded an attorney's fee of $14,000 dollars by the Regional Chief Administrative Law Judge Ollie L. Garmon, III, and the $1,000 requested under 406(b) represents the remainder of past due benefits withheld from the Plaintiff's benefits.[2] [Doc. 11]. On November 11, 2010 the Commissioner responded that he had no objection to the payment of an attorney's fee to the Plaintiff under 42 U.S.C. § 406(b), in the amount of $1,000. [Doc. 18].

In order to recover attorney's fees under 42 U.S.C. § 406(b), the following conditions must be met:

1. The Court must have rendered a judgment favorable to Plaintiff;

2. The Plaintiff must have been represented by counsel; and

3. The Court finds the fee reasonable and not in excess of twenty-five (25) percent of the total past due benefits to which Plaintiff is entitled.

The Plaintiff and his counsel entered into an agreement providing for a contingent fee in the amount of twenty-five percent of past due benefits, which the Plaintiff's counsel submitted in an affidavit to the Court. [Doc. 12 at 4]. The Plaintiff's attorney submitted a copy of the Plaintiff's signed agreement to pay a fee of twenty-five percent of past-due benefits. [Doc. 12 at 4]. The Plaintiff's counsel asserts that the Plaintiff is also seeking attorney's fees under the Equal Access to

---

[2]The Plaintiff submits to the Court in an Amendment for Approval of Attorney's Fees under 42 U.S.C. § 406(b) [Doc. 17] evidencing that a sum of $19,310.35 has been withheld by the Office of Central Operations for attorney's fees.

Justice Act, which if successful, would reduce the Plaintiff's fee payable to him. [Doc. 13 at 4]. The Plaintiff's attorney further contends that the requested fee of $1,000 is reasonable, citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989).

Based upon the number of attorney hours expended litigating this case and the attorney fees requested, the Court finds that the amount charged for Attorney Smith's services to be reasonable and that it does not constitute a windfall as a matter of law. Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 422 (6th Cir. 1990).

This Court notes, however, that if fees are awarded for the same work under both the EAJA and 406(b), the attorney is required to refund the smaller of the two fees to the claimant:

> Congress harmonized fees payable by the Government under the EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the amount of the smaller fee.

Grisbrecht, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186).

The Plaintiff's attorney submits that since the application for EAJA fees also includes time spent subsequent to remand, the Plaintiff's counsel will refund all of the EAJA fee to the Plaintiff, because any EAJA award would cover services already accounted for by the administrative fee award of $14,000.[3] Therefore, this Court finds that should both the petition for EAJA and 406(b) attorney's fees be awarded.

---

[3]The Plaintiff submits to the Court in an Amendment for Approval of Attorney's Fees under 42 U.S.C. § 406(b) [Doc. 17] evidencing that a sum of $19,310.35 has been withheld by the Office of Central Operations for attorney's fees.

Based upon the foregoing, the Court finds that Plaintiff's motions are well-taken. Accordingly, it is **RECOMMENDED**[4] that Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) **[Doc. 11]** in the sum of $1,000 and the Plaintiff's Motion for Attorney's Fees under the EAJA in the sum of $4,316.14 **[Doc. 14]** be **GRANTED**.

                              Respectfully submitted,

                              s/ H. Bruce Guyton
                              United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).